UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

GUILLERMO PEREZ,
And other similarly situated individuals,

    Plaintiff (s),

v.

BLACK DIAMOND OF FLORIDA
LIMITED LIABILITY COMPANY
and STEVEN A. KATES, individually

    Defendants.
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GUILLERMO PEREZ and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants BLACK DIAMOND OF FLORIDA LIMITED LIABILITY COMPANY and STEVEN A. KATES individually and alleges:

1. This is an action to recover money damages for unpaid wages, failure to pay overtime, AND RETALIATION IN violations under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff GUILLERMO PEREZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant BLACK DIAMOND OF FLORIDA LIMITED LIABILITY COMPANY (hereinafter BLACK DIAMOND OF FLORIDA, or Defendant) is a Florida Profit Corporation having place of business in Broward County, Florida, where Plaintiff worked for Defendant. Defendant BLACK DIAMOND OF FLORIDA is engaged in interstate commerce.

4. The individual Defendant STEVEN A. KATES was and is now the owner/partner and operator of BLACK DIAMOND OF FLORIDA. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff GUILLERMO PEREZ as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after November 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant BLACK DIAMOND OF FLORIDA is a general construction contractor, providing residential and commercial new construction and remodeling services. Defendant also provides maintenance services.

8. Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES employed Plaintiff GUILLERMO PEREZ as a construction worker and maintenance employee from approximately November 01, 2017, through August 22, 2018, or 42 weeks.

9. Plaintiff was a non-exempted, full-time, hourly employee. During the relevant employment period, Plaintiff's regular wage rate was $17.50 an hour.

10. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 working days, and 2 weeks days of 6 working days.

11. Usually, Plaintiff worked from Mondays to Thursdays from 8:00 AM to 7:00 PM (11 hours); on Fridays Plaintiff worked from 8:00 AM to 4:00 PM (8 hours). On weeks of 5 working days, Plaintiff completed 52 working hours.

12. On weeks where Plaintiff worked on Saturdays, he worked from 9:00 AM to 5:00 PM (8 hours). Thus, when Plaintiff worked 6 days per week, he completed 60 working hours in a week period.

13. Plaintiff was unable to take bona-fide lunch breaks.

14. In addition, after Plaintiff finished his work assignments as a construction worker, Plaintiff performed 2 hours of maintenance work at two adjacent residential buildings. Plaintiff performed this maintenance work 7 days per week. These 14 hours of maintenance work constitute 14 additional overtime hours. Plaintiff was compensated for these overtime hours at the amount of $80.00 per week. Plaintiff

performed this maintenance work for 42 weeks, and he was paid with a separate company check.

15. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Defendants did not maintain any time-keeping method, and Plaintiff did not clock in and out. Plaintiff was paid with checks, without paystubs or any kind of records providing basic information such as, total number of days and hours worked, overtime hours worked, wage rate paid, employment taxes withheld etc.

18. Plaintiff received paystubs just for his last weeks of employment.

19. Plaintiff was in disagreement with the payment received for overtime hours, and complained about the missing payment, multiple times. Plaintiff complained to the manager of the business James Sanderson, who told Plaintiff that he had to talk to the owner of the business STEVEN A. KATES.

20. After each complaint, Plaintiff suffered adverse employment actions, Plaintiff was sent home without working hours, and he suffered sabotage in his maintenance work at the residential buildings.

21. Manager James Sanderson told Plaintiff that he was not entitled to be paid for overtime hours because they were subcontractors.

22. More recently, on or about Junio 28, 2018, Plaintiff complained about overtime payment to his supervisor. As a consequence, Plaintiff was sent home without working hours for approximately 2 weeks.

23. On or about August 06, 2018, Plaintiff complained to his supervisor about the missing payment for overtime hours.  Again, Plaintiff was sent home without working hours for another 2 weeks.

24. On or about August 9, 2018, Plaintiff's cleaning work at the laundry of the residential buildings was sabotaged. Plaintiff complained about this issue.

25.  On or about August 20, Plaintiff went to pick up his check and talked to manager James Sanderson and complained and showed him the pictures of the sabotage. manager James Sanderson told Plaintiff that owner STEVEN A. KATES was not satisfied with his work.

26.  Plaintiff was called to work on August 21 and August 22, 2018. However, the supervisor fired him after he finished his work assignment. on or about July 09, 2018 to manager James Sanderson.

27. On or about August 22, 2018, Defendants fired Plaintiff. There was no reason to fire Plaintiff other than retaliation for his frequent complaints about unpaid wages.

28. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid wages based on his recollections. After proper discovery, Plaintiff is going to adjust his statement of claim.

29. Plaintiff GUILLERMO PEREZ seeks to recover unpaid overtime hours, retaliatory damages, and any other relief as allowable by law.

30. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

31. Plaintiff GUILLERMO PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. This action is brought by Plaintiff GUILLERMO PEREZ, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. The employer BLACK DIAMOND OF FLORIDA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times

pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

34. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

35. Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES employed Plaintiff GUILLERMO PEREZ as a construction worker and maintenance employee from approximately November 01, 2017, through August 22, 2018, or 42 weeks.

36. Plaintiff was a non-exempted, full-time, hourly employee. During the relevant employment period, Plaintiff's regular wage rate was $17.50 an hour.

37. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 working days, and 2 weeks days of 6 working days.

38. Usually, Plaintiff worked from Mondays to Thursdays from 8:00 AM to 7:00 PM (11 hours); on Fridays Plaintiff worked from 8:00 AM to 4:00 PM (8 hours). On weeks of 5 working days, Plaintiff completed 52 working hours.

39. On weeks where Plaintiff worked on Saturdays, he worked from 9:00 AM to 5:00 PM (8 hours). Thus, when Plaintiff worked 6 days per week, he completed 60 working hours in a week period.

40. Plaintiff was unable to take bona-fide lunch breaks.

41. In addition, after Plaintiff finished his work assignments as a construction worker, Plaintiff performed 2 hours of maintenance work at two adjacent residential buildings. Plaintiff performed this maintenance work 7 days per week. These 14 hours of maintenance work constitute 14 additional overtime hours. Plaintiff was compensated for these overtime hours at the amount of $80.00 per week. Plaintiff performed this maintenance work for 42 weeks, and he was paid with a separate company check.

42. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

43. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

44. Defendants did not maintain any time-keeping method, and Plaintiff did not clock in and out. Plaintiff was paid with checks, without paystubs or any kind of records

providing basic information such as, total number of days and hours worked, overtime hours worked, wage rate paid, employment taxes withheld etc.

45. Plaintiff received paystubs just for his last weeks of employment.

46. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

47. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

48. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

49. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

50. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

51. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid half-time overtime, based on his best recollections. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

Seventeen Thousand Three Hundred Ninety-Seven Dollars and 52/100 ($17,397.52)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 42
Total number of relevant weeks: 38 weeks

   i. Overtime for 19 weeks with 5 days with 52 hours of work

Relevant number of weeks: 19 weeks
Average hours worked weekly: 52 hours
Overtime hours weekly: 12 O/T hours weekly
Regular rate: $17.50 an hour x 1.5= $26.25
O/T rate: $26.25-$17.50 rate paid = $8.75 half-time O/T

Half-time $8.75 x 12 O/T hours=$105.00 weekly x 19 weeks= $1,995.00

   ii. Overtime for 19 weeks with 6 days with 60 hours of work

Relevant number of weeks: 19 weeks
Average hours worked weekly: 60 hours
Overtime hours weekly: 20 O/T hours weekly
Regular rate: $17.50 an hour x 1.5= $26.25
O/T rate: $26.25-$17.50 rate paid = $8.75 half-time O/T

Half-time $8.75 x 20 O/T hours=$175.00 weekly x 19 weeks= $3,325.00

   iii. Overtime for 42 weeks of maintenance work 7 days with 2 hours daily = 14 hours weekly of additional O/T hours

Relevant number of weeks: 42 weeks
Average hours worked weekly: 14 hours weekly
Regular rate: $17.50 an hour x 1.5= $26.25
Paid: $80.00 weekly:14 O/T hours= $5.71 an hour
O/T rate: $26.25-$5.71 rate paid = $20.54 O/T difference

O/T difference $20.54 x 14 O/T hours=$287.56 weekly x 42 weeks= $12,077.52

 Total: i, ii, and iii: $17,397.52

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

52. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

53. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

54. At the times mentioned, individual Defendant STEVEN A. KATES was, and is now, the Director and/or owner of Defendant Corporation BLACK DIAMOND OF FLORIDA. Individual Defendant STEVEN A. KATES had absolute operational control of BLACK DIAMOND OF FLORIDA and he is jointly liable for Plaintiff's damages. Individual Defendant STEVEN A. KATES was the

employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of BLACK DIAMOND OF FLORIDA in relation to its employees, including Plaintiff and others similarly situated.

55. Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES willfully and intentionally refused to pay Plaintiff GUILLERMO PEREZ overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

56. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

57. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUILLERMO PEREZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GUILLERMO PEREZ and other similarly-situated and against the Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with

interest; and

C. Award Plaintiff GUILLERMO PEREZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff GUILLERMO PEREZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GUILLERMO PEREZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF GUILLERMO PEREZ; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

58. Plaintiff GUILLERMO PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

59. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

60. The employer BLACK DIAMOND OF FLORIDA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's

business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

61. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce. Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

62. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

63. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

64. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

65. Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES employed Plaintiff GUILLERMO PEREZ as a construction worker and maintenance employee from approximately November 01, 2017, through August 22, 2018, or 42 weeks.

66. Plaintiff was a non-exempted, full-time, hourly employee.  During the relevant employment period, Plaintiff's regular wage rate was $17.50 an hour.

67. While employed by Defendants Plaintiff had an irregular schedule. Every month Plaintiff worked 2 weeks of 5 working days, and 2 weeks days of 6 working days.

68. Usually, Plaintiff worked from Mondays to Thursdays from 8:00 AM to 7:00 PM (11 hours); on Fridays Plaintiff worked from 8:00 AM to 4:00 PM (8 hours).  On weeks of 5 working days, Plaintiff completed 52 working hours.

69. On weeks where Plaintiff worked on Saturdays, he worked from 9:00 AM to 5:00 PM (8 hours).  Thus, when Plaintiff worked 6 days per week, he completed 60 working hours in a week period.

70. Plaintiff was unable to take bona-fide lunch breaks.

71. In addition, after Plaintiff finished his work assignments as a construction worker, Plaintiff performed 2 hours of maintenance work at two adjacent residential buildings.  Plaintiff performed this maintenance work 7 days per week. These 14 hours of maintenance work constitute 14 additional overtime hours.  Plaintiff was compensated for these overtime hours at the amount of $80.00 per week.  Plaintiff performed this maintenance work for 42 weeks, and he was paid with a separate company check.

72. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

73. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

74. Plaintiff was in disagreement with the payment received for overtime hours, and complained about the missing payment, multiple times. Plaintiff complained to the manager of the business James Sanderson, who told Plaintiff that he had to talk to the owner of the business STEVEN A. KATES.

75. After each complaint, Plaintiff suffered adverse employment actions, Plaintiff was sent home without working hours, and he suffered sabotage in his maintenance work at the residential buildings.

76. Manager James Sanderson told Plaintiff that he was not entitled to be paid for overtime hours because they were subcontractors.

77. More recently, on or about Junio 28, 2018, Plaintiff complained about overtime payment to his supervisor. As a consequence, Plaintiff was sent home without working hours for approximately 2 weeks.

78. On or about August 06, 2018, Plaintiff complained to his supervisor about the missing payment for overtime hours.  Again, Plaintiff was sent home without working hours for another 2 weeks.

79. These complaints constituted protected activity under the FLSA.

80. On or about August 9, 2018, Plaintiff's cleaning work at the laundry of the residential buildings was sabotaged. Plaintiff complained about this issue.

81.  On or about August 20, Plaintiff went to pick up his check and talked to manager James Sanderson and complained and showed him the pictures of the sabotage.

manager James Sanderson told Plaintiff that owner STEVEN A. KATES was not satisfied with his work.

82. Plaintiff was called to work on August 21 and August 22, 2018. However, the supervisor fired him after he finished his work assignment.

83. On or about August 22, 2018, Defendants fired Plaintiff. There was no reason to fire Plaintiff other than retaliation for his frequent complaints about unpaid wages.

84. At all times, Plaintiff performed and excelled at the essential functions of his position. There was no other reason than retaliation to fire him.

85. There is closed proximity between Plaintiff's last protected activity on or about August 06, 2018 and his termination.

86. At the times mentioned, individual Defendant STEVEN A. KATES was, and is now, the Director and/or owner/administrator of Defendant Corporation Individual Defendant STEVEN A. KATES had absolute operational control of BLACK DIAMOND OF FLORIDA, and he is jointly liable for Plaintiff's damages. Individual Defendant STEVEN A. KATES was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of BLACK DIAMOND OF FLORIDA in relation to its employees, including Plaintiff and others similarly situated.

87. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been discharge but for his complaints for unpaid overtime wages.

88. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

89. Plaintiff GUILLERMO PEREZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUILLERMO PEREZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES that Plaintiff GUILLERMO PEREZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants BLACK DIAMOND OF FLORIDA and STEVEN A. KATES to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff GUILLERMO PEREZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff GUILLERMO PEREZ demands trial by jury of all issues triable as of right by jury.

DATED: October 27, 2018

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*